BENJAMIN B. BOSWORTH *vs*. UNION RAILROAD COMPANY.

PROVIDENCE—MAY 13, 1903.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Common Carrier. Negligence. Carrying Passenger into Danger.*

In an action against a common carrier the declaration alleged that the defendant was negligent in not exercising proper care and vigilance in guarding and protecting him, while he was its passenger, against mob violence, and in attempting to run its car through a mob without warning plaintiff of the danger to which he was being exposed. On demurrer:—

*Held*, that, in approaching any place of danger, it was the duty of the common carrier and its servants to exercise the utmost care, caution, vigilance, and skill which prudent men would use under like circumstances.

*Held*, further, that whether the defendant did exercise that degree of care and skill was a question of fact for the jury.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer overruled.

DUBOIS, J. This is an action of trespass on the case for negligence. In the second count of his declaration the plaintiff alleges that it was the duty of the defendant to exercise the utmost vigilance and care in guarding and protecting him, as and while a passenger, against violence and risk of injury; and that the defendant was negligent in not exercising proper and adequate care and vigilance in guarding and protecting him, while he was its passenger, against mob violence, and in attempting to run its car through a mob without warning the plaintiff of the dangers to which he was being exposed thereby, in consequence of which he sustained the injury complained of.

The defendant demurs to such statement of its duty.

We have heretofore, in *Boss* v. *Prov. & Wor. R. R. Co.*, 15 R. I. 149, thus stated the law: "In regard to the degree of care which the law imposes upon common carriers of passengers, it is settled by a long and uninterrupted line of adjudication that they are bound to exercise the utmost care and skill which prudent men would use under similar circumstances; and they are liable for injuries resulting from even the slightest negligence on the part of themselves or their ser-

vants;" and later, in *Elliott* v. *Newport St. Ry. Co.*, 18 R. I. 707, as follows: "Common carriers of passengers are required to do all that human care, vigilance and foresight reasonably can, in view of the character and mode of conveyance adopted, to prevent accident to passengers."

The defendant, though not denying the foregoing to be the general rule applicable to common carriers of passengers, claims that it particularly applies to its running appliances, for the reason that defects therein are likely to occasion accidents resulting in great injury and loss of life to passengers; and also calls our attention to another rule, relating to its approaches to trains, concerning which it is bound to use only ordinary care.

We recognize the distinction in the law between the degree of care to be used in its stationary and in its locomotive appliances.

The more stringent rule is established for the protection of passengers while in transit. During their passage they are to be guarded not only against accidents resulting from defects in the running appliances but also from dangers arising out of the recklessness or carelessness of the servants of the common carrier.

With the best appliances it would be possible for a careless or reckless servant to propel a car into danger, as, for instance, into an open draw on a bridge; into a blazing station; or into a drove of infuriated cattle.

(1)    In approaching any place of danger it is the duty of the common carrier of passengers and its servants to exercise the utmost care, caution, vigilance, and skill which prudent men would use under like circumstances.

Whether the servants and agents of the defendant did exercise that degree of care and skill at the time and place alleged by the plaintiff is a question of fact which must be determined by a jury.

Demurrer overruled, and case remanded to the Common Pleas Division for further proceedings.

*John W. Hogan and Henry E. Tiepke*, for plaintiff.

*David S. Baker*, for defendant.